UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANJUM MALIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL NO. A-06-CV-695 LY |
| vs. | § | |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S AMENDED RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FULBRIGHT & JAWORSKI L.L.P.

M. Scott Incerto
State Bar No. 10388950
Adam T. Schramek
State Bar No. 24033045
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271
Telephone:     (512) 474-5201
Facsimile:     (512) 536-4598

**ATTORNEYS FOR DEFENDANT
CONTINENTAL AIRLINES, INC.**

31372356.2

COMES NOW Defendant CONTINENTAL AIRLINES, INC. ("Continental"), and files this, its Amended[1] Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, and would respectfully show the Court the following:

## I. PROCEDURAL HISTORY

Plaintiff Anjum Malik filed this case after her sole piece of luggage was lost during her Continental flight from Austin, Texas, to Providence, Rhode Island, on May 18, 2006. Her original complaint asserted a single claim for the value of her lost luggage. After the case had been on file for over one year with no discovery occurring, Malik and her counsel filed two amended complaints asserting the following "new" causes of action:

- Violation of the Texas Deceptive Trade Practices Act;
- Conversion;
- Invasion of Privacy; and
- Violation of Civil Rights Laws.

All of these claims should be dismissed under Rule 12(b)(6) for the reasons stated below.

## II. SUMMARY OF GROUNDS FOR DISMISSAL

Malik's factual allegations are contained in paragraphs five through nine of her Second Amended Complaint as well as an affidavit attached thereto.[2] Therein, she asserts that on a trip to Rhode Island she packed "various valuables, including . . . several sets of antique and exotic jewelry." Second Amended Complaint at ¶ 5. Upon boarding a plane at Austin-Bergstrom International Airport, she states that she "placed her carry-on suitcase in an overhead bin over another seat (seat 5), since the bin over her own seat (in row 18) was full." *Id.* Thereafter, she

---

[1] After Defendant filed its first motion to dismiss and a motion for summary judgment, Plaintiff amended her complaint for a second time. While this amendment did little more than add another claim preempted by the Airline Deregulation Act, Defendant has amended its motion to dismiss to address Plaintiff's most recent pleading.

[2] Since the Second Amended Complaint incorporates the affidavit by reference, Continental will treat Malik's allegations therein as additional factual allegations within paragraph 6 of the complaint.

31372356.2

alleges that a Continental flight attendant "removed her suitcase from the overhead storage bin (at row 5) and proceeded to place it in the under-cabin compartment" of the plane. *Id.* Plaintiff further claims that "her single carry-on luggage was opened" and "ticket removed" before it was "sent down to the under-cabin compartment." *Id.* at ¶ 6. Plaintiff admits that she "had not placed any identification on the outside of the suitcase" and that she had to be paged "twice – first only [by her] last name, then both by [her] first and her last names – over the intercom." *Id.* (affidavit, ¶¶ 3 and 4). She further alleges that Continental stated that it "had to go into [her] suitcase to learn [her] identity." *Id.*

From these factual allegations, Malik asserts that Continental violated her civil rights, converted her property (as opposed to merely losing it), invaded her privacy and committed deceptive trade practices. All of the new claims are either legally deficient in that they are preempted under federal law or unsupported by the factual allegations in the Second Amended Complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Continental moves for dismissal of Malik's new claims for failing to state a basis upon which relief can be granted.

### III. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## IV.  ARGUMENT AND AUTHORITIES

### A.   All State Law Claims Are Preempted by Federal Law

As an initial matter, lost luggage claims fall within the Airline Deregulation Act of 1978 ("ADA").  The ADA preempts the enforcement of any state law "related to a price, route, or service of an air carrier."  49 U.S.C. § 41713.  As the United States Supreme Court has explained, while state law cannot impose its "own substantive standards with respect to rates, routes, or services," the ADA permits airlines to create "self-imposed undertakings" (*i.e.*, their contracts of carriage).  *See American Airlines v. Wolens*, 513 U.S. 219, 232-33 (1995) (holding that a state deceptive trade practices law was preempted by the ADA).  The contracts of carriage in turn are subject to oversight by the Department of Transportation.  This regulatory scheme was designed to promote "maximum reliance on competitive market forces."  *Id.* at 230.

The Fifth Circuit has held that ADA preemption includes "items such as ticketing, boarding procedures, provision of food and drink, *and baggage handling*, in addition to the transportation itself."  *See Hodges v. Delta Airlines, Inc.*, 283 F.3d 282, 286, n.4 (5th Cir. 2002) (emphasis added).  Removing any doubt, the Fifth Circuit has ruled that "claims under state law" for lost luggage are preempted by the ADA.  *See Casas v. American Airlines, Inc.*, 304 F.3d 517, 525 (5th Cir. 2002) ("*Hodges* requires the conclusion that [Plaintiff's] claims under state law for the loss of his camera are pre-empted."); *cf. Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 931 (5th Cir. 1997) (holding that the ADA pre-empted a claim under the Texas Deceptive Trade Practices-Consumer Protection Act arising from loss of shipped goods).

In this case, Malik's state law claims arising out of the loss of her suitcase are preempted.  Thus, her state law claims as pleaded must be dismissed under Rule 12(b)(6).

### B. The DTPA Claim is Preempted

As explained above, the United States Supreme Court in *Wolens* specifically rejected the application of state consumer protection laws to an airline. This was the same decision reached in the Court's earlier *Trans World* decision. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 379 (1992). Defining ADA preemption to be as broad as ERISA preemption, the Court in *Trans World* rejected the arguments that ADA preemption: (1) did not extend to "laws of general applicability" such as state consumer protection laws; or (2) did not extend to state laws that were "consistent" with federal laws. *Id.* at 386-87. The Court specifically noted that the Texas DTPA, if applied, would "give consumers a cause of action" if airline marketing materials did not meet the DTPA's requirements, thereby providing consumers with "an enforceable right." *Id.* at 388. In other words, the Supreme Court specifically ruled in two cases that state consumer protection laws are preempted where a Plaintiff's claim relates to airline rates, routes and services. Here, as noted above, the Fifth Circuit has specifically ruled that airline services include baggage handling. Plaintiff cannot pursue a claim under the DTPA for her lost luggage as such claim is preempted.

Moreover, Plaintiff's DTPA claim fails as a matter of law. The two DTPA provisions at issue permit claims by a consumer who suffers damages, the producing cause of which is either: (1) breach of an express or implied warranty; or (2) any unconscionable action or course of action by any person. Plaintiff first claims that Continental breached "an implied warranty for the privacy and safe transportation of airline passengers' carry-on baggage." Second Amended Complaint at ¶ 13. Of course, no such "implied warranty" exists in the highly regulated airline industry. Second, the facts alleged by Plaintiff establish as a matter of law that Continental's conduct was not "unconscionable," especially when consideration is given to the requirement under federal law that airlines properly stow <u>all</u> luggage before any take-off or landing. *See* 14 C.F.R. § 121.589. Plaintiff alleges that Continental checked her suitcase for under-cabin transport where: (1) the cabins above

her seat were full; (2) she placed her suitcase 13 rows from her seat, above other passengers' assigned seats; and (3) she was paged and told that the suitcase was being checked because the flight was full. With respect to her allegation that a flight attendant unzipped her bag to identify its owner, such action was necessary on the face of the pleadings given Plaintiff's admission that she failed to place any identifying information on the suitcase. These allegations, even if true, cannot sustain a finding that Plaintiff was taken advantage of "to a grossly unfair degree," as would be required under the DTPA. Tex. Bus. & Com. Code § 17.45(5). Moreover, allowing juries in 50 states to determine on a case-by-case basis whether an airline properly handled baggage under their state's consumer protection laws is *precisely* the result the ADA preemption clause was intended to prevent.

### C. The Claim for Conversion is Preempted

Malik asserts a claim for conversion of her suitcase. Second Amended Complaint at ¶18. This state law claim is preempted as explained above. Footnote 4 to Plaintiff's Second Amended Complaint indicates that Plaintiff asserted a conversion claim merely to plead a basis for exemplary damages. Of course, federal law only permits recovery of "the value of damaged or lost cargo" in a lost luggage case. *See Casas*, 304 F.3d at 521. The purpose of preemption is to permit federal law to regulate the types and amount of damages recoverable when luggage is lost. Plaintiff's state law cause of action for conversion should be dismissed.

Moreover, even if it were not preempted, the factual allegations provide no basis for a claim that Continental has converted the bag. *See Homeyer v. Stanley Tulchin Assocs., 91 F.3d 959, 961 (7th Cir. 1996)* (*citing Am. Nurses' Ass'n v. State of Illinois, 783 F.2d 716, 724 (7th Cir. 1986)*) (explaining that a court need not ignore facts set out in the complaint that undermine Plaintiff's claims). The only fact Plaintiff can allege is that on a cross-country flight implicating two separate airplanes and three airports, the bag that was checked in Austin did not arrive in Rhode Island.

Because it is unknown how the bag was lost or where it is, there is no factual basis to allege that Continental has wrongfully acquired possession of it, a necessary element of a conversion claim. *See, e.g., Green Int'l v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997) (explaining that defendant must wrongfully exercise dominion or control over property to have converted it).

### D.  Any Claim for Attorney's Fees Under the Texas Civil Practice & Remedies Code is Preempted

In her prayer for relief, Plaintiff seeks attorney's fees under the Texas Civil Practice and Remedies Code ("CPRC"). This claim is preempted by the ADA. A claim for attorney's fees under the CPRC is not an independent ground of recovery. To recover attorney's fees under the CPRC, a party must first "prevail on a cause of action for which attorney's fees are recoverable." *See Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Because all state law claims for lost luggage are preempted under the ADA, there is no claim under Texas law to support an award of attorney's fees under the CPRC. *Cf. Boehringer-Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc.*, 737 F.2d 456, 459 (5th Cir. 1984) (holding that the Texas attorney fee statute [now the CPRC] was preempted by the Warsaw Convention, which governs lost luggage claims in international flights); *Earl's Offset Sales & Service Co., Inc. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148,1150 (S.D. Tex. 1995) (holding that the Carmack Amendment preempts the Texas attorney fee statute for actions by a shipper against a ground carrier). Plaintiff's claim for attorney's fees under the CPRC should be dismissed.

### E.  Plaintiff Has No Claim for Invasion of Privacy

Plaintiff states no basis for her purported "invasion of privacy" cause of action. To the extent she asserts such a claim under state law, it is preempted by the ADA. With respect to federal law, a constitutional right to privacy certainly exists and as explained by the Fifth Circuit, springs from several of the Bill of Rights amendments and is incorporated in the due process clause by the Fourteenth Amendment. *See Plante v. Gonzalez*, 575 F.2d 1119, 1127 (5th Cir. 1978). However,

the federal right to privacy only "impose[s] limits upon governmental power." *See Paul v. Davis*, 424 U.S. 693, 712-13 (1976). In other words, while the Fourth Amendment prevents the federal and state governments from infringing on constitutional privacy interests, it does not apply to private citizens or create a private right of action (invasion of privacy claims are left to state tort law). Plaintiff's claim for invasion of privacy should be dismissed.

### F.  The Civil Rights Claims are Factually and Legally Deficient

More than a year after filing this lawsuit, Malik for the first time alleges that her suitcase was removed in violation of federal *civil rights* law. Of course, none of the factual allegations pleaded now or in her original complaint evidence racial discrimination. In fact, the Second Amended Complaint states that to this day, she merely "feels" that she has "cause to wonder" if racial discrimination exists. Second Amended Complaint at ¶ 7. None of Malik's asserted civil rights claims can stand based on the facts pleaded and applicable law.

Plaintiff asserts claims for violation of 42 U.S.C. §§ 1981 & 1982, Title VI of the Civil Rights Act of 1964 and 49 U.S.C. § 40127. At a minimum, all of these claims require Plaintiff to "allege facts in support of . . . an intent to discriminate on the basis of race by the defendant." *See Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002) (Section 1981 claim); *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (Title VI prohibits intentional discrimination); *McCoy v. Homestead Studio Suites Hotels*, 177 Fed. Appx. 442, 445 (5th Cir. 2006) (Section 1982 claim requires intent to discriminate); *Elnajjar v. Northwest Airlines, Inc.*, 2005 U.S. Dist. LEXIS 36792 at *22 (S.D. Tex. 2005) (Section 40127 prohibits intentional discrimination). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *See Allied Pilots Ass'n*, 987 F.2d at 284. Plaintiff fails to allege facts in support of intentional discrimination. Instead, she states that she merely "feels" that she has "cause to wonder" if racial discrimination exists. Second Amended Complaint, ¶ 7. Despite specifically admitting that she

"did not, at the time of the events forming the basis for her claims, believe herself to have been a victim of racial discrimination," she pleads no facts discovered *after* her suitcase was checked and lost that support her discrimination claims. Given the context in which the claims were first asserted, Plaintiff is clearly attempting to find some way to circumvent federal law's clear limitation on airline liability for lost luggage. Plaintiff's civil rights claims should be dismissed.

Plaintiff's claim that Continental violated 42 U.S.C. §1982 should be dismissed for additional reasons. That statute states that all U.S. citizens have the same right "as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." In other words, the statute "is intended to bar racial discrimination in the sale or rental of property." *See Segura v. Tex. Dep't of Human Servs.,* 2001 U.S. Dist. LEXIS 25182 at *6 (W.D. Tex. 2001); *see also McCoy v. Homestead Studio Suites Hotels*, 390 F. Supp. 2d 577, 584 (S.D. Tex. 2005) ("A plaintiff establishes a *prima facie* case under § 1982 by proving that he or she: (1) is a member of a racial minority; (2) applied for and was qualified to rent or purchase certain property or housing; (3) was rejected; and (4) the housing or rental property remained available thereafter."); *Durham v. Red Lake Fishing & Hunting Club, Inc.*, 666 F. Supp. 954, 956-57 (W.D. Tex. 1987) (same). Plaintiff fails to assert facts supporting elements two, three or four of a Section 1982 claim.

In addition, Plaintiff cannot assert a claim for violation of 49 U.S.C. §40127, which states that "[a]n air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." The statute does not create a private right of action. *See Elnajjar v. Northwest Airlines, Inc.*, 2005 U.S. Dist. LEXIS 36792 at *22 (S.D. Tex. 2005) (finding no private right of action); *Williams v. Midwest Express Airlines, Inc.*, 315 F. Supp. 2d 975, 979 (E.D. Wis. 2004) (same); *see also Casas v. American Airlines, Inc.*, 304 F.3d 517, 521 (5th Cir. 2002) (noting that the ADA does not provide a

private right of action). To the contrary, the Secretary of Transportation has the exclusive right to enforce the statute through regulation and administrative enforcement. *See* 49 U.S.C. §40113(a).

## V. CONCLUSION

This is a simple lawsuit about a lost suitcase. Plaintiff's latest amended complaint wholly ignores the confines of lost luggage claims established by federal law and explained by the Fifth Circuit and the United States Supreme Court. The pleading amendments improperly attempt to expand this lawsuit by asserting claims that have no basis in the law or facts alleged. This Court should grant Defendant Continental's Amended Motion to Dismiss For Failure to State a Claim Upon Which Relief Can be Granted.

Dated: November 26, 2007.

FULBRIGHT & JAWORSKI L.L.P.

By: _____

M. Scott Incerto
State Bar No. 10388950
Adam T. Schramek
State Bar No. 24033045
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271
Telephone:    (512) 474-5201
Facsimile:    (512) 536-4598

**ATTORNEYS FOR DEFENDANT CONTINENTAL AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Fred E. Davis
Davis & Davis, P.C.
9442 Capital of Texas Highway
Austin, Texas 78759
Telephone: (512) 343-6248
Facsimile: (512) 343-0121

M. Engin Derkunt
P.O. Box 6461
Austin, Texas 78762-6461
Telephone: (512) 656-3168
Facsimile: (512) 402-8425

_/s/ Adam Schramek_
Adam T. Schramek