IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANJUM MALIK, | § § § | |
| Plaintiff, | § § | |
| V. | § | A-06-CA-695 LY |
| | § § | |
| CONTINENTAL AIRLINES, INC., | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Amended Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted, filed November 26, 2007 (Clerk's Dkt. #21); Plaintiff's Response to Defendant's Amended Motions For Dismissal & For Summary Judgment, filed December 17, 2007 (Clerk's Dkt. #25); and Defendant's Reply Brief in Support of Its Motion to Dismiss and For Summary Judgment, filed December 28, 2007 (Clerk's Dkt. #26).[1] The matter was referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits of the motion pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

---

[1] Defendant filed amended motions for summary judgment and to dismiss on the same day. The responsive pleadings of both parties were addressed to both motions. However, the undersigned will consider only the arguments raised in Defendant's motion to dismiss herein.

## I.  BACKGROUND

Plaintiff Anjum Malik ("Malik") has brought this action against sole defendant Continental Airlines, Inc. ("Continental").  According to her complaint, Plaintiff is an "Indian-born secular Muslim naturalized citizen" with "the racial (physical) traits of the people from the northern parts of the Indian sub-continent and ethno-cultural background from the Muslim communities of the northern-Indian state of Uttar Prudesh."  (Plf. 2nd Am. Compl. ¶ 3).

Plaintiff alleges, on or about May 18, 2006, she boarded a Continental flight in Austin, Texas traveling to Newark, New Jersey and then via a connecting flight to Providence, Rhode Island.  (*Id*. ¶ 5).  Malik asserts she brought her only luggage on board with her and placed it into an overhead bin above Row 5 with the assistance of a cabin attendant because there was no bin space available near her seat.  She then proceeded to her seat located in Row 18.  According to Plaintiff, her luggage contained various valuables, including several sets of antique and exotic jewelry.  (*Id*. & Plf. Aff. ¶¶ 1-2).[2]

Malik alleges, while the plane was taxiing on the runway, a male flight attendant called her name over the intercom.  After she pushed her call button, the flight attendant walked down the aisle toward her.  He stated he had moved Plaintiff's bag from the overhead bin and Continental had placed it in the under-cabin compartment.  According to Malik, she asked the flight attendant how he knew it was her bag because she had not placed any identification on the bag.  He told her he had opened it and removed her ticket to determine the identity of the owner of the bag.  The flight attendant handed her a hand-written piece of paper with a number on it so she could claim her bag.  Malik states another flight attendant suggested her bag was moved because it must have been "on the larger side."  (*Id*. ¶¶ 5-6 & Plf. Aff. ¶¶ 3-5).

When Plaintiff's flight landed in Newark she spoke with Continental's desk personnel, and

---

[2] Plaintiff attached her affidavit to her complaint.  It is therefore part of her pleadings and the facts within are appropriately considered in reviewing Defendant's motion to dismiss.

expressed her concerns over her bag. Malik was assured the bag would be at her final destination. (Plf. Aff. ¶ 6). Nonetheless, upon her arrival at Providence, Plaintiff's bag did not appear. Plaintiff immediately contacted a Continental representative to document her claim. (*Id.* ¶ 7).

Plaintiff's bag was not located during her stay in Providence, although Continental "insisted that they were still searching." (*Id*. ¶ 9). As Malik left Providence she instructed Continental to direct her suitcase, when located, to her home in Texas. Some time after her return to Texas Continental told Plaintiff they were unable to find the suitcase and offered to compensate her for the items lost. Malik was told she would need to produce receipts for anything worth over $100. Plaintiff states she was able to produce some receipts, and some personal letters documenting her purchase of lost items, but also informed Continental some of the items were gifts, some antiques and some family heirlooms. (*Id*. ¶¶ 9-11). She further avers, however, "Continental Airlines refused to compensate me at all for my losses. Continental Airlines stated they were not liable for lost baggage and that its maximum liability limitation is stated at $2,800 under the Contract of Carriage." (*Id*. ¶ 11). According to Plaintiff, only after Continental refused to provide either compensation or explanation for its conduct "did Plaintiff believe that she was singled out, subjected to different standards, deprived of her property, and denied compensation because she was a member of a racial, ethnic and religious minority." (Plf. 2nd Am. Compl. ¶ 8).

Malik alleges the actions of Defendant constituted discrimination based on race, ethnicity, national origin and religion in her right to make and enforce contracts, as well as her right to equal benefit of the law for the security of property in violation of 42 U.S.C. § 1981. She also alleges the actions of Defendant constituted discrimination based on race, ethnicity, national origin and religion in her right to hold and convey personal property in violation of 42 U.S.C. § 1982. Plaintiff further alleges the actions of Defendant constituted prohibited discrimination in air transportation in violation of 49 U.S.C. § 40127. She additionally alleges the actions of Defendant constituted prohibited discrimination in any program or activity receiving federal financial assistance in violation

of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*.  (*Id*. ¶ 10).  Malik further contends Defendant's conduct constituted conversion and invasion of privacy.  (*Id*. ¶¶ 11-12).  Finally, Plaintiff seeks relief under the Texas Deceptive Trade Practices Act ("DTPA").  (*Id*. ¶ 13).  Malik seeks compensatory damages, punitive damages, attorney's fees, interest and court costs.  (*Id*.).

Defendant has now filed a motion to dismiss.  Continental maintains: (1) Plaintiff's state law claims are all preempted by the Airline Deregulation Act ("ADA"); and (2) Plaintiff's claims are legally and factually insufficient.  The parties have filed responsive pleadings and the matter is now ripe for determination.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  The complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The Supreme Court recently reminded lower courts that, in order to survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S. Ct. 922, 998 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).  Thus, a plaintiff is generally not required to plead facts supporting each and every element of his claim or legal theory.  *Id.*  Rather, a complaint is sufficient if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).  Dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.

### III.  ANALYSIS

Continental maintains Plaintiff's state law claims should all be dismissed as preempted by the ADA.  Defendant further argues Plaintiff's claims should be dismissed as failing to allege a claim upon which relief can be granted.  The undersigned will address each issue in turn.

### A. Preemption

The Airline Deregulation Act, as currently codified, provides in pertinent part:

Preemption.--(1) Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1).[3]  The Supreme Court has interpreted the "related to" phrase broadly, holding "[s]tate enforcement actions having a connection with or reference to airline 'rates, routes or services' are preempted."  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384, 112 S. Ct. 2031, 2036 (1992) (interpreting prior statutory language).  The Fifth Circuit, relying in part on *Morales*, subsequently made clear this provision thus includes "items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself."  *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (en banc).  *See also Arapahoe County Pub. Airport Auth. v. F.A.A.*, 242 F.3d 1213, 1222 (10th Cir. 2001) (referencing *Hodges* standard with approval); *Travel All Over The World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (specifically adopting *Hodges* definition); *DeTerra v. Am. West Airlines, Inc.*, 226 F. Supp. 2d 274, 277 (D. Mass. 2002) (same).  Thus, it is clear a state law claim based on an air carrier's mishandling of baggage would be preempted under the ADA.  *See Casas*

---

[3] This clause was originally codified at 49 U.S.C. § 1305(a).  In 1994, Congress recodified § 1305(a), and the clause is now found at 49 U.S.C. § 41713(b)(1).  As part of the recodification, Congress changed the phrase "rates, routes, or services" to "price, route, or service."  Congress did not intend this modification to substantively change existing law.  *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 n.4 (5th Cir. 2002).

*v. Am. Airlines, Inc.,* 304 F.3d 517, 525 (5th Cir. 2002) (holding in *Hodges* requires conclusion that passenger's claims under state law for loss of camera placed in checked baggage are preempted); *Cruz v. Am. Airlines, Inc.*, 1997 WL 33441909, at *12 (D.D.C. Oct. 24, 1997) (plaintiffs' tort claims for lost checked baggage directly refer to airline's services and are thus preempted by ADA). *See also Balart v. Delta Airlines, Inc.,* 2001 WL 322065, at *3 (E.D. La. Apr. 2, 2001) (plaintiffs' claims for lost checked baggage arise under federal common law, not state law ). *Cf. Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 931 (5th Cir. 1997) (shipper's claim against air carrier for violations of Texas DTPA relating to loss of air cargo packages preempted by ADA).

Plaintiff argues her state law claims for conversion, invasion of privacy and under the DTPA are not preempted in this case because she did not bargain for or anticipate the checking of her baggage. Malik characterizes these two concepts as the core of the inquiry mandated by the Fifth Circuit in *Hodges*. She maintains without the presence of both factors in her dealings with Continental prior to her flight, the handling of her baggage was not a "service" under the ADA and thus falls outside the scope of the statute's preemption provision.

Plaintiff's argument rests on the *Hodges*' court's definition of "services" as "a bargained-for or anticipated provision of labor from one party to another." *Hodges*, 44 F.3d at 336. According to Malik, *Hodges* thus requires a court addressing preemption under the ADA to determine whether the particular conduct at issue was bargained-for or anticipated by the parties. The flaw in this interpretation, however, is made clear when the court's statement is viewed in context. The court stated in full:

> "Services" generally represent a bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress intended to de-regulate as "services" and

broadly to protect from state regulation.

*Hodges*, 44 F.3d at 336 (quoting and adopting panel opinion issued in *Hodges v. Delta Airlines, Inc.*, 4 F.3d 350, 354 (5th Cir.1993)).  When read in context, it is clear the definition of "service" set forth in *Hodges* encompasses claims related to baggage handling such as Plaintiff's.

Moreover, as Defendants point out in their reply, Plaintiff concedes she "made a bargain" with Continental when she purchased her ticket, and further concedes the bargain was governed by the contract of carriage.  (Plf. Resp. ¶17).  She also admits "airlines generally maintain the right [under the contract of carriage] to check some carry-ons, depending on their bin space capacity." (*Id*. ¶15).  Although Malik may not have intended for her baggage to be placed in the cargo hold, she cannot now say Continental's actions were not bargained-for or foreseeable under the contract of carriage.  Accordingly, Defendant's motion to dismiss should be granted as to Plaintiff's claims under state law.

**B.  Failure to State A Claim**

Defendant also contends Plaintiff has failed to state any actionable claims under either state or federal law.  Because the undersigned has concluded all of Plaintiff's state law claims are preempted, their sufficiency need not be considered.  Review of this argument will thus be limited to Plaintiff's federal claims.

Malik alleges claims of discrimination against Defendant under four separate statutes, 42 U.S.C. §§ 1981 and 1982, Title VI of the Civil Rights Act of 1964, and 49 U.S.C. § 40127.  It is clear from Plaintiff's complaint that the alleged basis for each of these claims is Continental's discrimination against her on the basis of her race and/or religion.  Accordingly, to state a claim for relief, Malik must allege facts which, if true, would establish an intent to discriminate against her on those bases.  *See* 49 U.S.C. § 40127 (mandating air carrier not subject person in air transportation to discrimination on basis of race, color or national origin); *Alexander v. Sandoval*,

532 U.S. 275, 280, 121 S. Ct. 1511, 1516 (2001) (Title VI prohibits only intentional racial discrimination); *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616-17, 107 S. Ct. 2019, 2021 (1987) (only racially-motivated actions are actionable under § 1982); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994) (to establish claim under § 1981, plaintiff must allege facts showing intent to discriminate on basis of race by defendant).

In ruling on a motion to dismiss, the court "must assume that the . . . [plaintiff] can prove the facts alleged in its . . . complaint. It is not, however, proper to assume that the . . . [plaintiff] can prove facts that it has not alleged." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Assoc. Gen. Contractors of Cal. v. Cal. St. Council*, 459 U.S. 519, 103 S. Ct. 897, 902 (1983)). Further, to withstand a motion to dismiss, the complaint must allege "more than labels and conclusions," "a formulaic recitation of the elements of a cause of action will not do" and "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

By way of Plaintiff's complaint and her attached affidavit she alleges in pertinent part:

She has the racial (physical) traits of the people from the northern parts of the Indian sub-continent and ethno-cultural background from the Muslim communities of the northern-Indian state of Uttar Prudesh.

\* \* \*

Plaintiff did not at the time of the events forming the basis fo her claims, believe herself to have been a victim of racial discrimination. It was only after Plaintiff's later investigation into the events leading up to the disappearance of her luggage that she felt she had cause to wonder what the source of this disparate treatment could be.

\* \* \*

Defendant has failed to provide either compensation or explanation for the significant and avoidable loss that directly resulted from its outrageous conduct. Only after these developments did Plaintiff believe that she was singled out, subjected to different standards, deprived of her property, and denied compensation because she was a member of a racial, ethnic and religious minority.

> \* \* \*
>
> I did not know of any other individual whose bag was moved from a proper place in the overhead bins to the cargo compartment, nor did Continental identify any such person. I do not know of any legitimate reason why the flight attendant moved my bag, nor has Continental identified any such reason. I do not know of any other person on that flight who was identifiable, by name or otherwise, as a Muslim or an individual from the Indian sub-continent or the surrounding countries, nor has Continental identified any such passenger. The combination of the highly unusual actions of Continental and the fact that I stood out as a member of an ethnic minority, along with the continued unfair behavior of Continental after it became clear that my bag was long lost, caused me meaningful distress and worry. Continental's behavior and the resulting loss of my bag, along with valuables of considerable worth and irreplaceable sentimentality, may never have occurred had I not been an ethnic and religious minority.

(Plf. 2nd Am. Compl. ¶¶ 3, 7-8; Plf. Aff. ¶ 12).

A review of Plaintiff's allegations reveals, in sum, she alleges: (1) she appears to belong to a racial and/or religious minority; (2) she believes she was the only person on the flight who belongs to such a minority; (3) her luggage disappeared; and (4) she was not provided an adequate explanation or sufficient compensation for the loss of her luggage. Notably, Malik's allegations lack specific facts which establish a causal link between her race and/or religion and Continental's conduct. Rather, Plaintiff couches her allegations in terms of her feeling and belief that Defendant's actions were motivated by racial and/or religious animus. Her factually unsupported conclusions alone are insufficient to state an actionable claim of discrimination. *See Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (neither conclusory allegations nor legal conclusions masquerading as factual conclusions are sufficient to prevent motion to dismiss); *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (accepting as true, for purposes of Rule 12(b)(6) dismissal, well-pleaded factual allegations, but rejecting "conclusory allegations or unwarranted deductions of fact"). Therefore, Defendant's motion to dismiss should be granted on this basis.[4]

---

[4] Defendant further argues Malik's section 1982 claim should be dismissed because she has not alleged an interference with her ability to rent or purchase real property or housing. However, section 1982 provides that all citizens have the same right "as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and

Finally, Defendant contends Plaintiff cannot recover on her claim under 49 U.S.C. § 40127 because the statute does not create a private right of action. Although the Fifth Circuit has not specifically considered this issue, it has concluded "Congress did not intend to create an implied private remedy under the ADA for the loss of goods shipped by an air carrier" where the plaintiff sought to asserts a claim for the loss of a camera placed in his checked baggage. *Casas*, 304 F.3d at 523. Other courts have similarly declined to find implied rights of action under various provisions of the ADA. *See, e.g., Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 34 (1st Cir. 2007) (holding consumer protection provisions of ADA do not permit imputation of private right of action against airline); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1271 (10th Cir. 2004) (49 U.S.C. § 41705 does not create private right of action to vindicate prohibition against disability-based discrimination on part of air carriers); *Love v. Delta Air Lines*, 310 F.3d 1347, 1359 (11th Cir. 2002) (same); *Statland v. Am. Airlines*, 998 F.2d 539, 541 (7th Cir. 1993) (no private right of action for deceptive advertising action against airline under ADA); *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 371 (S.D.N.Y. 2006) (plaintiff airline passengers who were "bumped," did not have federal right of action under federal regulations governing overselling practice); *Williams v. Midwest Express Airlines, Inc.*, 315 F. Supp. 2d 975, 979 (E.D. Wis. 2004) (49 U.S.C. § 41310 prohibits air carriers from unreasonably discriminating but provides no cause of action for a violation of the prohibition). Moreover, at least one court in this state has dismissed a claim under section 40127 on this basis. *See Elnajjar v. Northwest Airlines, Inc.*, 2005 WL 1949545, at *6 (S.D. Tex. Aug. 15, 2005) (holding plaintiffs failed to establish existence of private right of action for violation of section 40127). The undersigned thus concludes Plaintiff cannot recover under section 40127. Accordingly, the motion to dismiss should be granted as to Plaintiff's federal claims.

---

personal property." 42 U.S.C. § 1982. It is clear from the language of the statute that rights related to both real and personal property are protected. Accordingly, this argument by Continental is without merit.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Amended Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted (Clerk's Dkt. #21).

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of January, 2008.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE